IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTHONY CARSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:22-cv-00205 ) ) JUDGE RICHARDSON |
| EVER-SEAL, INC., and STEVEN NELSON, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's motion for summary judgment (Doc. No. 40, "Motion")[1] wherein Plaintiff seeks summary judgment[2] finding Defendants Ever-Seal, Inc. ("Ever-Seal") and Steven Nelson ("Nelson") (collectively, "Defendants") jointly and severally liable for Plaintiff's allegedly unpaid minimum wages and overtime, and an equal amount as liquidated damages under the Fair Labor Standards Act ("FLSA," 29 U.S.C. § 201 *et seq.*).[3] The Motion was filed on November 30, 2023. As of May 3, 2024, neither Defendant has responded to the Motion.

---

[1] Included in the Motion is a memorandum of law in support of the Motion. The Court must admonish counsel that this approach—not making the supporting memorandum of law a separately filed document—runs contrary to this Court's Local Rule 7.01(a)(2) and should be avoided in the future lest the Court ultimately reject the filing (which, this time at least, the Court will not do). Both the Motion and the memorandum included therein are referred to herein as "Motion."

[2] Via the Motion, Plaintiff states that he seeks "partial summary judgment." (Doc. No. 40 at 3). The Court takes this to mean that Plaintiff seeks summary judgment only as to liability (and not as to the amount of damages) on each Count included in the Complaint (Doc. No. 1). This reading by the Court is supported by the fact that Plaintiff does not request a specific amount of damages in the Motion or the Complaint.

[3] Section 1 of the FLSA is codified at 29 U.S.C. § 201, Section 2 of the FLSA is codified at 29 U.S.C. § 202, and so forth.

For the reasons stated herein, the Motion is granted in part, denied in part, and deferred in part.

## FACTS[4]

Ever-Seal, a Tennessee corporation owned and operated by Nelson, manufactures and installs permanent sealant for concrete, wood, and brick surfaces. (Doc. No. 40 at 3). As President and CEO of Ever-Seal, Nelson hires and fires employees, sets the work schedule of its employees, and controls its finances. (*Id*.).

Nelson hired Plaintiff to work for Ever-Seal as a mechanic, and Plaintiff worked in this role from March 29, 2021 through October 3, 2021. (*Id*. at 4). Throughout his employment with Ever-Seal, most of Plaintiff's work included manual labor with his primary duty being to build and repair Ever-Seal's trucks. (*Id*.). To build the trucks, Plaintiff followed step-by-step instructions provided to him by Nelson. (*Id*.). Plaintiff did not interview, hire, supervise, or set pay for any Ever-Seal employees. (*Id*. at 4-5). Nor did Plaintiff have any disciplinary authority or advise Ever-Seal regarding the promotion, demotion, or change in employment status of any of its employees. (*Id*. at 5).

From March 29, 2021, until June 28, 2021, Plaintiff was paid an hourly wage of $20 per hour, and $30 per hour for any overtime work he completed. (*Id*. at 4). On or about June 28, 2021, Defendants changed Plaintiff's hourly wage structure to a salary of $60,000 per year (which increased to $70,000 per year in August 2021) with no overtime. (*Id*.). During the time he was paid a salary, Plaintiff typically worked six or seven days a week for approximately 10-12 hours

---

[4] The facts herein are taken from the "Statement of Undisputed Facts" included in the Motion. (Doc. No. 40 at 3-6). Here again, Plaintiff failed to comply with the Local Rules, this time by not making the undisputed statement of facts a separately filed document. L.R. 56.01(b). Nevertheless, the Court will not reject the filing on this basis.
  As explained below, the facts asserted in the Statement of Undisputed Facts are treated as unopposed for purposes of summary judgment because of Defendants' failure to respond. L.R. 56.01(f).

per day (from about 7:30 or 8:00 am until about 10:00 pm). (*Id*. at 5). Nearly every week during the period in which he was paid a salary, Plaintiff worked overtime and estimates that he worked at least 60 hours per week during that time. (*Id*.).

At all times relevant to this case, Ever-Seal had annual gross revenues in excess of $500,000 per year and had two or more employees that handled, sold, or otherwise worked on goods and materials that moved in interstate commerce.[5] (*Id*.). Prior to Plaintiff's commencement of this lawsuit, Defendants neither consulted an attorney about whether paying Plaintiff a salary without overtime violated the FLSA, nor sought an opinion on that issue from the Department of Labor. (*Id*. at 6). Defendants could not recall consulting their accountant at any time about the legality of Plaintiff's pay structure either. (*Id.*).

## PLAINTIFF'S CLAIMS

In its Complaint, Plaintiff asserts two counts against Defendants, both of which arise under the FLSA. In Count I, Plaintiff asserts that Defendants violated 29 U.S.C. § 207 ("Section 7") by failing to pay him overtime compensation for hours worked in excess of 40 hours per week during the period that he was a salaried employee. In Count II, Plaintiff alleges that Defendants failed to pay him the applicable minimum wage for all of the hours he worked in most (if not all) work weeks in violation of 29 U.S.C. § 206 ("Section 6").[6] Furthermore, Plaintiff asserts that he is entitled to liquidated damages under the FLSA because (according to Plaintiff) Defendants

---

[5] Given these facts, Ever-Seal constitutes an "enterprise engaged in commerce" within the meaning of the FLSA. *See* 29 U.S.C. § 203(s)(1).

[6] Though the Complaint asserts that Defendants failed to pay Plaintiff minimum wage in "most, if not all work weeks," Plaintiff argues in the Motion (with respect to Count II) only that Defendants failed to pay him minimum wage in the last two weeks of his employment, during which he claims he received no compensation. Therefore, the Court limits its analysis on Count II to whether Plaintiff is entitled to summary judgment for Defendants' alleged failure to pay him minimum wage (to which he asserts he was entitled under FLSA) only in the last two weeks of his employment with Defendants.

willfully failed to pay him overtime and minimum wages. Plaintiff seeks to hold Defendants jointly and severally liable for his unpaid minimum wages and overtime and an equal amount as liquidated damages.[7]

## LEGAL STANDARD

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). In other words, even if genuine, a factual dispute that is irrelevant under applicable law is of no value in defeating a motion for summary judgment. *See id.* at 248. On the other hand, "summary judgment will not lie if the dispute about a material fact is 'genuine[.]'" *Id.*

A fact is "material" within the meaning of Rule 56(c) "if its proof or disproof might affect the outcome of the suit under the governing substantive law." *Reeves v. Swift Transp. Co.*, 446 F.3d 637, 640 (6th Cir. 2006) (citing *Anderson*, 477 U.S. at 248), *abrogated on other grounds by Young v. United Parcel Serv.*, 575 U.S. 206 (2015). A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Harris v. Klare*, 902 F.3d 630, 634–35 (6th Cir. 2018). The party bringing the summary judgment motion has the initial burden of identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 627–28 (6th Cir. 2018) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Alternatively, the moving party may meet its initial burden by otherwise "show[ing]"—even without citing materials of

---

[7] As noted above, Plaintiff does not seek a specific amount of damages in either the Complaint or the Motion. Rather, Plaintiff seeks to obtain summary judgment only as to Defendants' liability for both Counts.

record—that the nonmovant "cannot produce admissible evidence to support a material fact (for example, the existence of an element of a nonmovant plaintiff's claim)." Fed. R. Civ. P. 56(c)(1)(B). If the summary judgment movant meets its initial burden, then in response the non-moving party must set forth specific facts showing that there is a genuine issue for trial. *Pittman*, 901 F.3d at 628.[8] Importantly, "[s]ummary judgment for a defendant [that has met its initial burden as the movant] is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial.'" *Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 805–06 (1999) (quoting *Celotex,* 477 U.S. at 322).

Any party asserting that a fact cannot be or genuinely is disputed (*i.e.*, any party seeking summary judgment and any party opposing summary judgment, respectively) can support the assertion either by: (a) citing to materials in the record, including, but not limited to, depositions, documents, affidavits, or declarations, Fed. R. Civ. P. 56(c)(1)(A), or (b) "showing" (i) that the adverse party cannot produce admissible evidence to raise a genuine dispute as to that fact or (ii) that contrary to the claim of the adverse party, the materials cited by the adverse party do not actually establish the absence or presence (as the case may be) of a genuine dispute as to that fact.

In reviewing a motion for summary judgment, this court must view the evidence in the light most favorable to the non-moving party. *Tlapanco v. Elges*, 969 F.3d 638, 647 (6th Cir. 2020) (quoting *Anderson*, 477 U.S. at 248). Likewise, the court should view the facts and draw all reasonable inferences in favor of the non-moving party. *Pittman*, 901 F.3d at 628. Credibility judgments and weighing of evidence are improper. *Hostettler v. Coll. of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018). As noted above, where there is a genuine dispute as to any material fact,

---

[8] Courts (appropriately) at times refer interchangeably to a party being able to raise a genuine issue as to a fact and a reasonable jury being able to find in the party's favor on that fact, and this Court does likewise.

summary judgment is not appropriate. *Id*. The court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id*. The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient to survive summary judgment; rather, there must be evidence upon which the jury could reasonably find for the non-moving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

On a motion for summary judgment, a party may object that the supporting materials specified by its opponent "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Upon such an objection, the proponent of the supporting material must show that the material is admissible as presented or explain how it could be presented in a form that would be admissible. *Thomas v. Haslam*, 303 F. Supp. 3d 585, 624 (M.D. Tenn. 2018); *Mangum v. Repp*, 2017 WL 57792 at *5 (6th Cir. Jan. 5, 2017) (citing Fed. R. Civ. P. 56(c) advisory committee's note to 2010 amendment).

## DISCUSSION

I.  Defendants' Failure to Respond to the Motion

Under this Court's Local Rules, a party opposing a motion for summary judgment must file a response within 21 days after service of the motion. L.R. 56.01(a). The Motion was filed on November 30, 2023, and as of May 3, 2024, Defendants have yet to respond to the Motion. However, Defendants' failure to respond to the Motion does not mean the Court must (or even can) grant the Motion on the basis that it is unopposed. "Even when faced with an unopposed motion for summary judgment, the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden." *Byrne v. CSX Transp., Inc.*, 541 Fed. App'x. 672, 675 (6th Cir. 2013); *see also Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 Fed. App'x. 374, 381 (6th Cir. 2011) ("[A] district

court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." (quoting *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991))); *Lawson v. McDonald*, 2016 WL 697132, at *4 (E.D. Ky. Feb. 19, 2016) ("When faced with an unopposed motion for summary judgment, a district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met his burden. In other words, summary judgment by default is not proper." (citing *Miller v. Shore Fin. Servs., Inc.*, 141 Fed. App'x. 417, 419 (6th Cir. 2005) (per curiam))).

"Rule 56 first imposes a burden of production on the moving party to make a prima facie showing that it is entitled to summary judgment." 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2727.1 (4th ed. supp. Apr. 2023). "In this context, a 'prima facie' showing means that, in the absence of evidence to the contrary, the movant's evidence is sufficient to entitle the movant to summary judgment." 11 James Wm. Moore et al., *Moore's Federal Practice* § 56.40 (2023). Courts must view the movant's evidence in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970) ("[T]he moving party . . . ha[s] the burden of showing the absence of a genuine issue as to any material fact, and for these purposes the material it lodged must be viewed in the light most favorable to the opposing party."). If the moving party's evidence is insufficient, "'[n]o defense . . . is required'" and summary judgment must be denied. *Id.* at 161 (quoting 6 James Wm. Moore et al., *Moore's Federal Practice* § 56.22(2) (2d ed. 1966)).

Where the motion for summary judgment is unopposed, "[n]othing in either the [Federal Rules of Civil Procedure] or case law supports an argument that the trial court must conduct its

own probing investigation of the record." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992). Rather, a court may properly rely on the facts provided by the moving party and treat them as undisputed in deciding whether the moving party has met its initial burden. *In re Weldon Stump & Co., Inc.*, 383 B.R. 435, 437-38 (Bankr. N.D. Ohio 2008) (citing *Guarino*, 980 F.2d at 404-05); L.R. 56.01(f). Therefore, the Court must determine, in light of the facts that are properly treated as undisputed, whether Plaintiff has met its initial burden to show the absence of any genuine dispute of material fact and that he is entitled to judgment on liability as a matter of law. If so, Plaintiff is entitled to summary judgment as to liability.

  II.  Plaintiff's Claims Under the FLSA

    A. *Relevant Provisions of the FLSA*

The FLSA establishes, among other workplace standards, minimum wage and overtime pay requirements with which covered employers are required to comply. Section 6 sets a minimum wage that covered employers must pay non-exempt employees, while Section 7 requires an employer subject to FLSA to pay non-exempt employees overtime compensation of at least 1.5 times their regular hourly wage for all hours worked in excess of 40 hours in any workweek. Here, Plaintiff brings claims under both Section 6 and Section 7, seeking to recover unpaid minimum wages and overtime compensation.

In deciding the Motion, the Court will first determine whether Plaintiff has demonstrated that Nelson was an "employer" as defined by 29 U.S.C. § 203(d) such that he may be held individually liable (jointly and severally with Ever-Seal) for his alleged violations of the FLSA. Second, the Court must decide whether Plaintiff has carried his initial burden to show that he is entitled to unpaid minimum wages and overtime compensation that he alleges he did not receive from Defendants. Finally, the Court will consider whether Plaintiff is entitled to (in addition to

unpaid minimum wages and/or overtime compensation) an equal amount of liquidated damages and whether Defendants can successfully assert any relevant defenses provided for under FLSA.

B. *Ever-Seal and Nelson are joint employers under the FLSA.*

The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). The Sixth Circuit has recognized that there may be several simultaneous employers who each may be responsible for complying with the FLSA. *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991) (citing *Falk v. Brennan*, 414 U.S. 190, 195 (1973)); *Fegley v. Higgins*, 19 F.3d 1126, 1131 (6th Cir. 1994). The upshot, as is relevant here, is that under certain circumstances an individual constitutes an "employer" for purposes of the FLSA due to him or her acting in the interests of a legal entity that generally might be considered the *sole* employer for *other* purposes (for example, for purposes of *respondeat superior*). When these circumstances exist, one might think of the legal entity as primarily being the primary employer and the individual as being an employer only secondarily, but each one is an employer for purposes of the FLSA.

Whether a party is an employer within the meaning of the FLSA is a legal determination made by applying the "economic reality" test. *Id*. (internal citations omitted). Under this test, the "economic reality" of the relationship between a plaintiff and a defendant "determines whether their relationship is one of employment [i.e., employee and employer]." *Ellington v. City of E. Cleveland*, 689 F.3d 549, 555 (6th Cir. 2012) (quoting *Solis v. Laurelbrook Sanitarium & Sch. Inc.*, 642 F.3d 518, 522 (6th Cir. 2011)). This analytical approach requires a case-by-case analysis of "the 'circumstances of the whole business activity.'" *Id*. (citing *Donovan v. Brandel*, 736 F.2d 1114, 1116 (6th Cir. 1984)). Relevant factors may include: (1) whether the plaintiff is an integral part of the operations of the putative employer; (2) the extent of the plaintiff's economic

dependence on the defendant[ ]; (3) the defendant's substantial control of the terms and conditions of the work of the plaintiff; (4) the defendant's authority to hire or fire the plaintiff; and (5) whether the defendant maintains the plaintiff's employment records and establishes the rate and method of payment. *Clark v. Shop24 Glob., LLC*, 77 F. Supp. 3d 660, 689 (S.D. Ohio 2015) (citing *Ellington*, 689 F.3d at 555). "These factors are not exhaustive and '[n]o one factor is dispositive; rather, it is incumbent upon the courts to transcend traditional concepts of the employer-employee relationship and assess the economic realities presented by the facts of each case.'" *Ellington*, 689 F.3d at 555 (quoting *Dole*, 942 F.2d at 966) (internal quotation marks omitted). "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Dole*, 942 F.2d at 965 (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)).

The undisputed facts overwhelmingly support a finding that both Defendants were "employers" of Plaintiff. Nelson had operational control of Ever-Seal because as CEO he had a significant ownership interest in the company and controlled important aspects of the business such as hiring and firing personnel, setting the schedules and wages of employees, and controlling the company's finances. (Doc. No. 40 at 3-4). Additionally, Ever-Seal (through Nelson) set Plaintiff's rate of payment and controlled the terms and conditions of Plaintiff's work, including his tasks and compensation. Accordingly, Defendants are both "employers" for purposes of the FLSA and thus may be held jointly and severally liable under FLSA for any violations that either may have committed. *See Dole*, 942 F.3d at 966 (holding that an individual who was chief corporate officer, had a significant ownership interest in the corporation, and controlled significant day-to-day functions of the business, including determining salaries, was personally liable under the FLSA); *Fegley*, 19 F.3d at 1131 (same); *Martin v. W.E. Monks & Co.*, 805 F. Supp. 500 (S.D.

Ohio 1992) (holding majority shareholder who had influence over hiring, firing, and compensation of employees; sometimes assigned work; and spent most of his time managing the business, clearly qualified as "employer" under the FLSA), *aff'd*, 1 F.3d 1241 (6th Cir. 1993)).

    C. *Defendants are liable for failing to compensate Plaintiff for overtime hours in accordance with the FLSA.*

Having determined that Defendants may be held jointly liable under the FLSA, the Court next considers whether Plaintiff has carried his initial burden to show that he is entitled to unpaid minimum wages and overtime compensation that he did not receive from Defendants.

Regarding Plaintiff's assertion that Defendants violated Section 6 by failing to pay him at all for his final two weeks of employment, Plaintiff states in the "Summary of the Argument" (without citing to any evidence in the record for support) that "it is undisputed that Defendants failed to pay Plaintiff anything whatsoever for his final two weeks of employment." (Doc. No. 40 at 2-3). Inexplicably, Plaintiff does not assert any facts in the Statement of Undisputed Facts portion of the Motion indicating that Defendants failed to pay him minimum wage (or any amount) during his last two weeks of employment. The Court is willing to overlook Plaintiff's failure to comply with the Local Rules by including his statement of undisputed facts in the Motion (rather than in a separate document) and to treat the facts in the Statement of Undisputed Facts portion of the Motion as undisputed consistent with L.R. 56.01(f). But the Court is disinclined to treat facts from *other* portions of the Motion as undisputed based solely on Defendants' failure to respond to the Motion. And because the record includes no evidence supporting Plaintiff's assertion that he did not receive any compensation for his last two weeks of working for Defendants, the Court finds that Plaintiff has not carried his initial burden on summary judgment as to Count II.

With respect to Count I, as noted above, subsection (a) of Section 7 (29 U.S.C. § 207(a)) requires an employer subject to the FLSA to pay non-exempt employees overtime compensation

of at least 1.5 times their regular hourly wage for all hours worked in excess of 40 hours in any workweek. It is well-established that an employee who sues under the FLSA for unpaid overtime compensation and liquidated damages bears the initial burden of proving that he performed the work for which he was not properly compensated. *See Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313 (S.D. Fla. 2001) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946), *superseded by statute on other grounds as stated in Carter v. Panama Canal Co.*, 463 F.2d 1289, 1293 (D.C. Cir. 1972). In *Mt. Clemens*, the Supreme Court adopted a burden-shifting approach applicable where, as here, an employee is unable to obtain accurate records showing the exact amount of unpaid work. The Supreme Court held that in situations such as this, the employee carries his burden of proof:

> if he proves that he has in fact performed work for which he was improperly [i.e., inadequately] compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Mt. Clemens*, 328 U.S. at 687–88.[9]

Importantly, under the burden-shifting framework set forth in *Mt. Clemens,* the employee must prove that he performed work and has not been compensated in accordance with the FLSA. 328 U.S. at 688. Thus, the employee must show that liability under FLSA is certain even if the amount of damages arising from the defendant's statutory liability is not. *Id*. As the court in *Santelices* put it, "although the Supreme Court established a standard for awarding damages when

---

[9] The burden-shifting approach is premised on the notion that an employer is in the better position to know and to produce evidence about the nature and amount of work performed. *See Mt. Clemens*, 328 U.S. at 687.

the evidence of damages is inexact or imprecise, it did not eliminate the employee's burden to prove that he has in fact performed work for which he was not paid." 147 F. Supp. 2d at 1328.

Given the undisputed facts in this case (and particularly the fact that Plaintiff worked at least 60 hours per week during the period in which he was paid a salary), no reasonable jury could conclude that Plaintiff did not perform work for Defendants for which he was not compensated in accordance with the FLSA. And under *Mt. Clemens*, the fact that Plaintiff may not be able to prove the "precise extent of uncompensated work" is not grounds to deny recovery. 328 U.S. at 687. Rather, Plaintiff can shift (and has shifted) the burden to Defendants by relying on his testimony asserting that he worked roughly 10-12 hours per day for six to seven days each week that he was paid a salary; obviously, based on simple arithmetic, one can reasonably infer from this testimony that Plaintiff worked well in excess of 40 hours per week—with the excess hours constituting "overtime" hours under the FLSA—during the period he was paid a salary (June 28, 2021 through October 3, 2021).[10] Because Defendants have not produced any evidence negating the reasonableness of this inference or establishing the precise amount of work Plaintiff actually performed, Plaintiff is entitled to damages for overtime hours for which he was not compensated.[11]

---

[10] Plaintiff was paid a $60,000 salary from June 28, 2021 to August 8, 2021 and a $70,000 salary from August 9, 2021 through October 3, 2021. So Plaintiff's effective hourly rate was $28.85 from June 28, 2021 to August 8, 2021 and $33.65 from August 9, 2021 through October 3, 2021.

[11] Because Plaintiff seeks summary judgment only as to Defendants' liability (and not as to a specific amount of damages), the Court need not at this time calculate the amount of damages to which Plaintiff is entitled to recover under Count I. Rather, the Court simply concludes that Plaintiff is entitled to summary judgment on Count I and may recover an amount of damages that is consistent with the approximate number of overtime hours for which he worked but was not compensated in accordance with the FLSA. Additionally, the Court concludes that under *Mt. Clemens* Defendants have not met their burden to demonstrate based on evidence of the precise amount of work Plaintiff performed that Plaintiff is actually entitled to damages for a lesser number of hours than he approximates that he worked without full compensation.

D. *Plaintiff is entitled to liquidated damages.*

Section 16(b) of the FLSA provides that an employer who violates the overtime-compensation provisions of the FLSA "shall be liable" for liquidated damages in an amount equal to unpaid overtime wages. 29 U.S.C. § 216(b). Applicable case law states (arguably unpersuasively)[12] that "[l]iquidated damages under the FLSA 'are compensation, not a penalty or punishment.'" *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 840 (6th Cir. 2002) (quoting *McClanahan v. Mathews*, 440 F.2d 320, 322 (6th Cir. 1971)). In its discretion, a court may refuse to award liquidated damages "*if, and only if*, the employer shows that he acted in good faith and that he had reasonable grounds for believing that he was not violating the Act." *Marshall v. Brunner*, 668 F.2d 748, 753 (3d Cir. 1982); *see* 29 U.S.C. § 260. "To be relieved of liability for liquidated damages, the employer 'has the "substantial burden" of proving to the satisfaction of the trial court that its acts giving rise to the suit are both in good faith and reasonable.'" *Dole*, 942 F.2d at 986 (quoting *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990)). "In the absence of such proof a district court has no power or discretion to reduce an employer's liability for the equivalent of double unpaid wages." *McClanahan*, 440 F.2d at 322.

Having failed to respond whatsoever to the Motion, Defendants have not offered any proof of good faith or reasonableness.[13] Summary judgment is appropriate where the nonmoving party

---

[12] The Court says this because, among other reasons, the fact that unreasonableness and lack of "good faith" are relevant to whether to award liquidated damages seems consistent with liquidated damages being imposed as a penalty.

[13] To the contrary, the undisputed facts demonstrate that Defendants made no effort to investigate (for example, by asking counsel, the Department of Labor, or its accountant) whether its pay structure for Plaintiff complied with the FLSA. (Doc. No. 40 at 6). And even if Defendants acted merely negligently in failing to make such efforts, that would not change the outcome. *See Elwell*, 276 F.3d at 841 n.5 ("[A]n employer who acted negligently—but not willfully—in violating the FLSA would not be able to satisfy the objective standard of reasonableness required to demonstrate good faith." (citing *Dep't of Lab. v. City of Sapulpa, Okl.*, 30 F.3d 1285, 1289 (10th Cir. 1994))).

fails to make a showing sufficient to create a genuine issue of material fact regarding a matter on which the nonmoving party has the burden of proof. *Celotex*, 477 U.S. at 323. Because Defendants have the burden of proving good faith and reasonableness, and they failed to offer any evidence of either, the Court finds that Plaintiff is entitled to liquidated damages in an amount equal to the unpaid overtime wages to which he is entitled.

    E.  *Defendants have not established an exemption defense.*

The FLSA exempts certain categories of employees from its overtime pay requirements, including individuals employed in a "bona fide executive, administrative, or professional capacity."[14] *See* 29 U.S.C. § 213. The employer bears the burden of proving that an employee fits into the exemption. *Rutlin v. Prime Succession, Inc.*, 220 F.3d 737, 740 (6th Cir. 2000) (citing *Douglas v. Argo-Tech Corp.*, 113 F.3d 67, 70 (6th Cir. 1997)). "[H]ow an employee spends his time is a question of fact, while the question of whether his activities fall within an exemption is a question of law." *Fields v. AOL Time Warner, Inc.*, 261 F. Supp. 2d 971, 974 (W.D. Tenn. 2003) (quoting *Schaefer v. Ind. Mich. Power Co.*, 197 F. Supp. 2d 935, 939 (W.D. Mich. 2002)).

"The overtime-pay exemptions set forth in 29 U.S.C. § 213 are affirmative defenses that defendants must prove." *Hopkins v. Chartrand*, 566 F. App'x 445, 448 (6th Cir. 2014) (citing *Franklin v. Kellogg Co.*, 619 F.3d 604, 611 (6th Cir. 2010)). "As such, defendants must generally

---

[14] Relevant here are the executive and administrative exemptions. An employee qualifies for the executive exemption under the FLSA, if: (1) he is compensated on a salary basis at a rate at least equal to the standard salary level of $684 per week; (2) his primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof; (3) he regularly directs the work of two or more other employees; and (4) he has authority to hire or fire other employees or his recommendation to the hiring, firing, promotion, or change of status of other employees is given particular weight. 29 C.F.R. § 541.100. An employee qualifies for the administrative exemption if: (1) he is compensated on a salary basis at a rate at least equal to the standard salary level of $684 per week; (2) his primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty includes the exercise of discretion and independent judgment on significant matters. 29 C.F.R. § 541.200.

claim an exemption in their first responsive pleading or [courts] will consider the defense forfeited." *Id*. (citing Fed. R. Civ. P. 8(c); *Horton v. Potter*, 369 F.3d 906, 911 (6th Cir. 2004)); *see also Old Line Life Ins. Co. of Am. v. Garcia*, 418 F.3d 546, 550 (6th Cir. 2005) ("As a general rule, failure to plead an affirmative defense results in a waiver of that defense." (citing *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994))). Nevertheless, the "failure to raise an affirmative defense by responsive pleading does not always result in [forfeiture] of the defense—such as, when the plaintiff receives notice of the affirmative defense by some other means." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008).

Here, Plaintiff asserts that Defendants have waived any affirmative defense that Plaintiff was exempt from the FLSA's overtime requirements, because Defendants did not plead any such defense in its Answer to the Complaint (Doc. No. 17). However, Plaintiff acknowledges that Defendants referenced both the administrative and executive[15] exemptions "in passing during the pendency of this case."[16] (Doc. No. 40 at 11). Even assuming arguendo that Defendants' references to Plaintiff's status as (according to Defendants) an exempt employee are sufficient to preserve the defense, Defendants cannot establish that Plaintiff was in fact exempt. As noted above, the burden is on the employer to prove that an employee fits into an exemption. "When the moving party does not have the burden of proof on the issue, he need show only that the opponent cannot sustain his burden at trial." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting William W. Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material*

---

[15] Defendants refer to a "management" exemption, which the Court construes as what is typically referred to as the "executive" exemption.

[16] Specifically, Defendants referred to Plaintiff's status (according to Defendants) as an exempt employee repeatedly in both Ever-Seal's and Nelson's separate Responses to Plaintiff's First Set of Interrogatories, Requests for Admission, and Requests for Production (Doc. No. 40-3).

*Fact*, 99 F.R.D. 465, 487–88 (1984)). Defendants have offered no evidence whatsoever tending to show that Plaintiff is exempt from FLSA. To the contrary, the undisputed facts demonstrate that Plaintiff cannot be exempt under either the executive or administrative categories.[17] Therefore, Defendants cannot avoid summary judgment on the basis that Plaintiff is exempt from the FLSA.

## CONCLUSION

For the reasons stated herein, the Motion (Doc. No. 40) is GRANTED in part, DENIED in part, and DEFERRED in part. Specifically, with respect to liability, the Motion is granted as to Count I and denied as to Count II. Defendants are adjudged jointly and severally liable for overtime premiums that they withheld from Plaintiff in violation of the FLSA and additionally for an equal amount of liquidated damages. The Motion is deferred as to the amount of damages pending the Court's consideration of additional information concerning the amount of damages. Specifically, by May 20, 2024, Plaintiff shall file a notice, with attachments as appropriate, setting forth the amount he claims as unpaid overtime premiums and the basis for such claim. Although Defendants long have been absent from this litigation, they may respond to Plaintiff's notice within two weeks after it is filed, with the caveat that no such response shall violate the rule that a legal entity can appear only through counsel and not pro se.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[17] Although Plaintiff meets the salary requirements for the relevant exemptions, Plaintiff cannot meet the executive exemption because he did not have supervisory or disciplinary authority or the authority to advise Ever-Seal regarding the hiring, firing, promotion, demotion, or change in employment status of any of its employees. And Plaintiff cannot meet the administrative exemption because (among other possible reasons) his duties involved the performance of manual labor.